UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ASHLEY ADAMS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AT&T MOBILITY, LLC, a Delaware limited liability company, THE HACKER GROUP, INC., a Delaware corporation,<br><br>Defendants. | No.<br><br>**COMPLAINT — CLASS ACTION** |

1. Plaintiff Ashley Adams brings this class action against Defendants AT&T Mobility LLC ("AT&T") and The Hacker Group, Inc. ("Hacker") to stop AT&T's practice of making unsolicited text message calls to cellular telephones, and to obtain redress for all persons injured by Defendants' conduct. Plaintiff, for her complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief including based on investigation conducted by her attorneys.

**NATURE OF THE CASE**

2. In a recent effort to promote its services to cellular telephone subscribers it hoped to acquire, AT&T, the proprietor of one of the nation's largest cellular telephone companies, engaged Hacker and/or other marketing agencies to conduct an especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of non-AT&T customers.

COMPLAINT - 1 -

3. By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), AT&T has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

5. On behalf of the class, Plaintiff seeks an injunction requiring Defendants to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**PARTIES**

6. Plaintiff Ashley Adams is a resident of Vermont and was at all times relevant to this complaint a cellular telephone subscriber of the Rural Cellular Corporation f/k/a Unicel ("Unicel").

7. Defendant AT&T is a Delaware limited liability company that maintains its principal place of business in Georgia. It does business throughout Washington, including this District.

8. Defendant Hacker is a Delaware corporation that maintains its principal place of business in Washington. It does business throughout Washington, including this District.

**JURISDICTION & VENUE**

9. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action.

10. This Court has personal jurisdiction over the Defendants under RCW § 4.28.185 because certain of the acts alleged herein originated in Washington (and, specifically, the

COMPLAINT - 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

Western District of Washington).

11. Venue is proper in this district because one or more Defendants transact business in this District.

**COMMON ALLEGATIONS**

12. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

13. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

14. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

15. Unlike more conventional advertisements, wireless spam can cost its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a number of messages, regardless whether or not the message is authorized.

16. Over the course of an extended period beginning at least as early as 2009, AT&T and its agents, including Hacker, conducted a wide-ranging marketing campaign designed and emanating, in part or in whole, from this District, to convince consumers to switch from their existing cellular telephone service provider to AT&T and furthermore directed the mass transmission of wireless spam to the cell phones of thousands of former Unicel subscribers.

17. For instance, on or about April 2, 2009, Plaintiff's cell phone rang, indicating that

COMPLAINT - 3 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

a text call was being received.

18. The "from" field of such transmission was identified cryptically, and may have contained an abbreviated telephone number known as an SMS short code operated by Defendants. The body of such text message read:

> ATT FREE MSG:  INCREASE YOUR MOBILE TO MOBILE
> CALLING COMMUNITY TO 77 MILLION PEOPLE.
> UPGRADE TO AN ATT PLAN W/UNLIMITED M2M MINUTES.
> VISIT AN ATT STORE TODAY!

19. Upon receiving the above text message, Plaintiff contacted AT&T and requested that her telephone number be placed on AT&T's internal Do-Not-Call list, which AT&T declined to honor. Indeed, within several weeks of receiving the above spam text message, AT&T sent more than a dozen similar spam text messages to Plaintiff in knowing violation of Plaintiff's privacy.

20. At no time did Plaintiff consent to the receipt of such text message calls from AT&T.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Rule 23(a), (b)(2), and (b)(3) on behalf of herself and a class (the "Class") defined as follows:

> All current and former Unicel subscribers in the United States and its Territories who received one or more unauthorized text message advertisements on behalf of AT&T. [Excluded from the Class are Defendants' directors, managers, officers, and employees.]

22. In order to make their *en masse* transmission of text message advertisements economical, Defendants used a list of thousands of cellular telephone numbers of consumers acquired from third-parties. As such, the Class consists of thousands of individuals and other entities, making joinder impractical.

23. Plaintiff will fairly and adequately represent and protect the interests of the other

COMPLAINT - 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868 -7870

members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiff nor her counsel have any interest adverse to those of the other members of the Class.

24. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25. Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

26. The factual and legal bases of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct as a result of the transmission of the wireless spam.

27. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

    (a) Does the wireless spam Defendants distributed violate 47 U.S.C. § 227?

    (b) Are the Class members entitled to treble damages based on the willfulness of Defendants' conduct?

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  •  Fax:  (425) 868-7870

## FIRST CAUSE OF ACTION
### (Violation of 47 U.S.C. § 227, individually and on behalf of the Class)

28. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

29. Defendants made unsolicited commercial text calls to the wireless telephone numbers of the Class. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

30. These text calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Class to receive such wireless spam.

31. Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendants' conduct, the members of the Class incurred injury by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500 in damages for each violation of such act.

32. Because Defendants' had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

Wherefore, Plaintiff Ashley Adams, on behalf of herself and the Class, prays for the following relief:

A. An order certifying the Class as defined above;

B. An award of actual and/or statutory damages;

C. An award of up to three times the actual and/or statutory damages;

D. An injunction requiring Defendants to cease all wireless spam activities;

E. An award of reasonable attorneys' fees and costs; and

COMPLAINT - 6 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870

F.   Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  May 4, 2010                Respectfully submitted,

s/  Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
(425) 868-7813

Michael J. McMorrow
Ryan D. Andrews
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
(312) 589-6370

Counsel for Plaintiff Adams, individually and on behalf of all others similarly situated

COMPLAINT   - 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813 ● Fax:  (425) 868-7870