The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BONNIE ADAMS, MELISSA MEECE, and ALEXANDRA SEVERANCE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY, LLC, a Delaware limited liability company,<br><br>Defendant. | No. C10-763 RAJ<br><br>**FIRST AMENDED COMPLAINT — CLASS ACTION** |

1. Plaintiffs Bonnie Adams, Melissa Meece, and Alexandra Severance bring this class action against Defendant AT&T Mobility LLC ("AT&T") to stop AT&T's practice of making unsolicited text message calls to cellular telephones and to obtain redress for all persons affected by Defendant's conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by their attorneys.

**NATURE OF THE CASE**

2. In or around July 2007, Verizon Wireless sought to acquire Rural Cellular Corp. d/b/a Unicel ("Unicel"). However, in order for the merger to be completed, the United States of America and the State of Vermont sought as part of antitrust proceedings to require Verizon

FIRST AMENDED COMPLAINT
No. C10-763 RAJ

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

Wireless to divest certain wireless businesses in several U.S. markets, including the State of Vermont. As a result of that action, AT&T agreed to acquire certain Unicel assets, including more than 100,000 Unicel subscribers.

3. Prior to acquiring those Unicel subscribers as AT&T customers, AT&T, eager to begin profiting from these potential new customers, prematurely engaged in an ill-conceived marketing campaign designed to convince Unicel subscribers to "upgrade" or buy AT&T products and services such as cell phones and rate plans.

4. A primary and especially pernicious component of AT&T's campaign was the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of tens of thousands of non-AT&T customers.

5. Plaintiffs and other Unicel subscribers complained to Unicel, AT&T, and the Vermont Attorney General about the receipt of this wireless spam. At this same time and at least through May 15, 2009, AT&T informed Unicel customers and the Vermont Attorney General that Unicel subscribers who had not subsequently signed a new contract with AT&T were not AT&T customers and were therefore required to register their cell phone numbers on AT&T's internal "do not contact me" list to stop receiving unwanted text message marketing solicitations from AT&T.

6. AT&T's campaign was so poorly received by Unicel subscribers that the Vermont Attorney General brought a consumer fraud action that resulted in an Assurance of Discontinuance by AT&T, which included refunds to Unicel subscribers for improperly assessed fees and certain injunctive relief. The Assurance of Discontinuance states that AT&T's campaign improperly resulted in forcing Unicel subscribers to choose between entering into a contract with AT&T, canceling their Unicel contract and paying an early termination fee of $200, or risk having their wireless service terminated in the end of 2009.

7. Indeed, by effectuating unauthorized text message calls as part of this campaign (hereinafter, "wireless spam"), AT&T has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but

FIRST AMENDED COMPLAINT
No. C10-763 RAJ

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

8.   In order to redress these AT&T's acts, Plaintiffs, on behalf of themselves and a nationwide class of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("47 U.S.C. § 227"), which prohibits unsolicited voice and text calls to cell phones.

9.   On behalf of the class, Plaintiffs seek an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

10.   Plaintiff Bonnie Adams is a resident of Vermont and was at all times relevant to this Complaint was a Unicel cellular telephone subscriber.  Plaintiff Adams' daughter, Ashley Adams, is the user of the wireless account, and primarily uses the wireless service for her personal, non-business, communications.

11.   Plaintiff Melissa Meece is a resident of Vermont and was at all times relevant to this Complaint was a Unicel cellular telephone subscriber.  Plaintiff Meece primarily uses the wireless service for her personal, non-business, communications.

12.   Plaintiff Alexandra Severance is a resident of Vermont and was at all times relevant to this Complaint was a Unicel cellular telephone subscriber.  Plaintiff Meece primarily uses the wireless service for her personal, non-business, communications.

13.   Defendant AT&T is a Delaware limited liability company that maintains its principal place of business in Georgia.  It does business throughout Washington, including this District.

## JURISDICTION & VENUE

14.   The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs,

FIRST AMENDED COMPLAINT
No. C10-763 RAJ
- 3 -
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

and (c) none of the exceptions under that subsection apply to this action.

15. This Court has personal jurisdiction over Defendant under RCW § 4.28.185 because Defendant transacts business in this District.

16. Venue is proper in this District because the marketing campaign at issue emanated in whole or in part from this District and/or the claims or defenses at issue in this matter involve decisions and/or materials created in this District and/or Defendant transacts business in this District.

## COMMON ALLEGATIONS

17. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

18. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

19. An SMS message is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

20. Unlike more conventional advertisements, wireless spam can cost its recipients money because cell phone users must frequently pay their respective wireless service providers either for each text message call they receive or for a text plan that includes a number of messages, regardless whether or not the message is authorized.

21. Over the course of an extended period beginning in or around early 2009, AT&T and its agents conducted a wide-ranging marketing campaign designed to convince consumers to

FIRST AMENDED COMPLAINT
No. C10-763 RAJ

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  •  Fax:  (425) 868-7870

switch from their existing cellular telephone service provider to AT&T, which included directing the mass transmission of wireless spam to the cell phones of thousands of Unicel subscribers.

22. For instance, on or about April 2, 2009, Plaintiffs' cell phones rang, indicating that a text call was being received.

23. The "from" field of such transmission was identified cryptically, and may have contained an abbreviated telephone number known as an SMS short code operated by Defendant. The body of such text message read:

> ATT FREE MSG:  INCREASE YOUR MOBILE TO MOBILE
> CALLING COMMUNITY TO 77 MILLION PEOPLE.
> UPGRADE TO AN ATT PLAN W/UNLIMITED M2M MINUTES.
> VISIT AN ATT STORE TODAY!

24. Shortly thereafter, Plaintiffs' cell phones rang again. The "from" field of such transmission was again identified cryptically, and may have contained an abbreviated telephone number known as an SMS short code operated by Defendant or its agents.  The body of such text message read:

> ATT FREE MSG: VISIT US AT THE VT DAIRY FESTIVAL IN
> ENOSBURG FALLS JUNE 5-7. GREAT DEALS ON HOT PHONES AND
> WE'LL HELP YOU UPGRADE TO ATT SERVICE ON THE SPOT!

25. On or about the time of receiving the above text messages, Plaintiff Adams and/or her daughter contacted AT&T and requested that her telephone number be placed on AT&T's internal Do-Not-Call list, which AT&T declined to honor.  Indeed, within several weeks of receiving the above spam text messages, AT&T sent similar spam text messages to Plaintiff Adams in knowing violation of Plaintiff's privacy.

26. On or about the time of receiving the above text messages, Plaintiff Meece contacted her carrier Unicel and requested the discontinuation of AT&T's offending text messages, which Unicel said it was incapable of offering because AT&T itself was sending the text messages. Within several weeks of receiving the above spam text messages, AT&T sent

FIRST AMENDED COMPLAINT
No. C10-763 RAJ

- 5 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

1  similar spam text messages to Plaintiff Meece.

2      27.    On or about the time of receiving the above text messages, Plaintiff Severance
3  contacted AT&T and requested the discontinuation of AT&T's offending text messages, which
4  AT&T declined to honor.  Indeed, within several weeks of receiving the above spam text
5  messages, AT&T sent similar spam text messages to Plaintiff Severance in knowing violation of
6  Plaintiff's privacy.

7      28.    At no time did Plaintiffs consent to the receipt of such spam text message calls
8  from AT&T.

## CLASS ACTION ALLEGATIONS

10      29.    Plaintiffs bring this action pursuant to Rule 23(a), (b)(2), and (b)(3) on behalf of
11  herself and a class (the "Class") defined as follows:

12      All current and former Unicel subscribers in the United States and its
13      Territories who received one or more unauthorized text message
14      advertisements on behalf of AT&T.  [Excluded from the Class are
15      Defendants' directors, managers, officers, and employees.]

16      30.    In order to make its *en masse* transmission of text message advertisements
17  economical, Defendant used a list of thousands of cellular telephone numbers of consumers
18  acquired from third-parties.  As such, the Class consists of thousands of individuals and other
19  entities, making joinder impractical.

20      31.    Plaintiffs will fairly and adequately represent and protect the interests of the other
21  members of the Class.  Plaintiffs have retained counsel with substantial experience in
22  prosecuting complex litigation and class actions.  Plaintiffs and their counsel are committed to
23  vigorously prosecuting this action on behalf of the members of the Class, and have the financial
24  resources to do so.  Neither Plaintiffs nor their counsel have any interest adverse to those of the
25  other members of the Class.

26      32.    Absent a class action, most members of the Class would find the cost of litigating
27  their claims to be prohibitive, and will have no effective remedy.  The class treatment of

FIRST AMENDED COMPLAINT
No. C10-763 RAJ
- 6 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel: (425) 868-7813 ● Fax: (425) 868-7870

1  common questions of law and fact is also superior to multiple individual actions or piecemeal
2  litigation in that it conserves the resources of the courts and the litigants, and promotes
3  consistency and efficiency of adjudication.

4   33.   Defendant has acted and failed to act on grounds generally applicable to the
Plaintiffs and the other members of the Class in transmitting the wireless spam at issue, requiring
the Court's imposition of uniform relief to ensure compatible standards of conduct toward the
members of the Class.

   34.   The factual and legal bases of Defendant's liability to Plaintiffs and to the other
members of the Class are the same, resulting in injury to the Plaintiffs and to all of the other
members of the Class as a result of the transmission of the wireless spam alleged herein.
Plaintiffs and the other Class members have all suffered harm and damages as a result of
Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless spam.

   35.   There are many questions of law and fact common to the claims of Plaintiffs and
the other members of the Class, and those questions predominate over any questions that may
affect individual members of the Class.  Common questions for the Class include but are not
limited to the following:

   (a)   Does the wireless spam Defendant distributed violate 47 U.S.C. § 227?
   (b)   Was the wireless spam transmitted to the Plaintiffs and the Class with an Automatic Telephone Dialing System?
   (c)   Are the Class members entitled to treble damages based on the willfulness of Defendant's conduct?

**FIRST CAUSE OF ACTION**

**(Violation of 47 U.S.C. § 227, individually and on behalf of the Class)**

   36.   Plaintiffs incorporate by reference the foregoing allegations as if fully set forth herein.

FIRST AMENDED COMPLAINT
No. C10-763 RAJ

- 7 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

37.     Defendant made unsolicited commercial text calls to the wireless telephone numbers of the Plaintiffs and the Class.  Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.  By using such equipment, Defendants were able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention.

38.     These text calls were made *en masse* without the prior express consent of the Plaintiffs and the other members of the Class to receive such wireless spam.

39.     Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result of Defendant's conduct, the members of the Class incurred injury by having to pay their respective wireless carriers for the text messages and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500 in damages for each violation of such act.

40.     Because Defendant had knowledge that Plaintiff and the Class did not consent to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

Wherefore, Plaintiffs, on behalf of themselves and the Class, prays for the following relief:

A.     An order certifying the Class as defined above;

B.     An award of actual and/or statutory damages;

C.     An award of up to three times the actual and/or statutory damages;

D.     An injunction requiring Defendant to cease all wireless spam activities;

E.     An award of reasonable attorneys' fees, costs, and expenses; and

F.     Such further and other relief the Court deems reasonable, equitable, or just.

FIRST AMENDED COMPLAINT
No. C10-763 RAJ
- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870

## JURY DEMAND

Plaintiff requests trial by jury of all issues that can be so tried.

Dated:  September 20, 2010

Respectfully submitted,

s/ Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
(425) 868-7813

Michael J. McMorrow (Pro Hac Vice)
Ryan D. Andrews (Pro Hac Vice)
EDELSON MCGUIRE LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
(312) 589-6370

Counsel for Plaintiffs, individually and on behalf of all others similarly situated

FIRST AMENDED COMPLAINT
No. C10-763 RAJ

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA  98074-7033
Tel:  (425) 868-7813  ●  Fax:  (425) 868-7870